UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HENRY OKNYANSKY, individually,

     Plaintiff,

v.

HALSTED FINANCIAL SERVICES, LLC,          **JURY DEMAND**
a foreign limited liability company,

     Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1.    Plaintiff HENRY OKNYANSKY alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against Defendant HALSTED FINANCIAL SERVICES, LLC.   Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

3.    This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4.    Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5.   Plaintiff HENRY OKNYANSKY is a natural person and a resident of the State of Florida, residing in Miami-Dade County, Florida.  Said Plaintiff is sole owner, user, subscriber, and possessor of the cellular telephone that Defendant was calling.

6.   Defendant HALSTED FINANCIAL SERVICES, LLC. ("Halsted") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 8001 N. Lincoln Avenue, #LL2, Skokie, IL 60077; Plaintiff further alleges that Halsted is a citizen of the States of Illinois.

## FACTUAL ALLEGATIONS

7.   The Plaintiff previously incurred a consumer debt to Credit One Bank in connection with a personal credit card.

8.   Credit One Bank subsequently engaged the services of Defendant Halsted to attempt to collect said debt.

9.   Halsted subsequently began placing repeated automated telephone collection calls to Plaintiff's cellular telephone in an effort to collect said debt.

10.   Upon answering any of these calls, the Plaintiff was always met with either a message advising him to "press one if this is Henry Oknyansky," a message advising him to "please wait for the next available agent," or a noticeable period of "dead air" while the caller's telephone system attempted to connect him to a live operator.

11.   When Defendant Halsted first called the Plaintiff, Plaintiff advised that the debt was disputed, and admonished Defendant's telephone agent to stop calling him.

12.   Each and every subsequent time that Defendant Halsted called and spoke to the Plaintiff, Plaintiff again advised Defendant to stop calling him.

2

13.    Despite this, Defendant continued to place automated calls to the Plaintiff.

14.    The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 F.C.C.R. 14014, 14091-92 (2003).

15.    In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

16.    Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

17.    Plaintiff incorporates paragraphs 1 through 16 herein.

18.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff HENRY OKNYANSKY, requests that the Court enter judgment in favor of Plaintiff and against Defendant HALSTED FINANCIAL SERVICES, LLC for:

a.      $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b.      $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c.      a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

e.      litigation expenses and costs of the instant suit; and

f.      such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Dated this 28th day of July, 2014.

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
Bret L. Lusskin, Esq.
Florida Bar No. 28069