UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-22776-Civ-COOKE/TORRES

HENRY OKNYANSKY,
individually,

    Plaintiff,

vs.

HALSTED FINANCIAL SERVICES, LLC,
a foreign limited liability company,

    Defendant.

_____/

**FINAL DEFAULT JUDGMENT**

    THIS CASE is before me upon Plaintiff Henry Oknyansky's Motion for Entry of Final Default Judgment (ECF No. 9). I have reviewed the motion, the record, and the relevant legal authorities. For the reasons that follow, Plaintiff's Motion is granted.

**I.    BACKGROUND**

    Plaintiff Henry Oknyansky brought this action for violation of the Telephone Consumer Practices Act, 47 U.S.C. § 227 et seq. (ECF No. 1). Plaintiff alleges that Defendant Halsted Financial Services, LLC placed repeated automated telephone collection calls to his cellular phone in an effort to collect on a debt. (*Id.*). Plaintiff further alleges that he repeatedly asked Defendant to stop contacting him, but Defendant continued its calls. (*Id.*).

    Plaintiff served a summons and the complaint on Steven Price as "Managing Agent" of Halsted Financial Services, LLC at the address 8001 Lincoln Avenue, Suite #LL2, Skokie, Illinois 60077. (ECF No. 4-1). Defendant failed to answer the complaint. Plaintiff then moved for entry of clerk's default (ECF No. 7), which was entered (ECF No. 8). I subsequently entered an Order to Show Cause (ECF No. 12) ordering Defendant Halsted to show cause why Plaintiff's Motion for Entry of Final Default Judgment should not be granted. Defendant did not respond to the Order. Defendant has also failed to respond to Plaintiff's Motion for Default Judgment.

## II. DISCUSSION

### A. The Clerk Properly Entered Default

Federal Rule of Civil Procedure 55(a) requires court clerks to enter a default, "[w]hen a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise…." A defendant is under no obligation to plead or otherwise defend, however, until it has been properly served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i).

Under the federal rules, service on an LLC is proper if it is made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant…." Fed. R. Civ. P. 4(h)(1)(B). "A managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004). In this case, the Affidavit of Service shows that service of process was effected on Steven Price, as Defendant's "Managing Agent." (ECF No. 4-1). "A Return of Process is *prima facie* evidence of valid service." *Blanco v. Tin How, Inc.*, No. 06-22719, 2007 WL 2827505, at *1 (S.D. Fla. Sept. 26, 2007); *see also Bodyup Fitness, LLC v. 2080039 Ontario, Inc.*, No. 07-22223-CIV, 2008 WL 516996, at *3 (S.D. Fla. Feb. 23, 2008); *Int'l Brotherhood of Electrical Workers Local 915 Health and Welfare Fund v. Safe Tech, Inc.*, No. 15-cv-182-FtM-38CM, 2015 WL 2207119, at *1 (M.D. Fla. May 11, 2015). Accordingly, service of process was properly effected pursuant to Rule 4(h)(1)(B).

### B. There is Sufficient Basis for Entry of Default Judgment Against Defendant

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 1232 n. 13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

Plaintiff brought this action pursuant to the Telephone Consumer Practices Act ("TCPA"), 47 U.S.C. § 227 et seq. Defendant is deemed to have admitted all of the well-

pleaded allegations of fact contained in the complaint. The TCPA prohibits calls to cellular telephones using an automatic telephone dialing system, pre-recorded messages, or an artificial voice:

> (b) Restrictions on use of automated telephone equipment
>
>> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>> …
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1)(A)(iii). Prior express consent to receive automated telephone calls – such as is often provided in the debt collection context – may be revoked orally. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014).

A person or entity may bring an action to recover for actual monetary loss resulting from a TCPA violation, or to receive $500 in damages for each such violation, whichever is greater. 47 U.S.C. § 227(b)(3)(B). A court "may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available" under subparagraph (B) upon finding that the defendant's violation was willful or knowing. *Id.*; *see also Alea London Ltd. v. American Home Services, Inc.*, 638 F.3d 768, 776 (11th Cir. 2011).

Plaintiff's well-pleaded facts establish a violation of the TCPA. Plaintiff has alleged that Defendant called Plaintiff's cellular phone incessantly using an automatic telephone dialing system, evidenced by the use of a pre-recorded voice, and that Plaintiff advised Defendant when it first called him to stop calling him. (ECF No. 1). Plaintiff further alleges that, "Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing." (*Id.*). Plaintiff has also submitted an affidavit stating that he received at least seventy (70) calls from the Defendant. (ECF No. 9-1). Each call placed by Defendant after Plaintiff instructed Defendant not to call him is a knowing violation of the TCPA warranting treble damages. *See Coniglio v. Bank of America, N.A.*, No. 14-cv-01628,

2014 WL 5366248, at *4 (M.D. Fla. Oct. 21, 2014). Therefore, Plaintiff is entitled to judgment against the Defendant in the amount of $105,000 (70 calls multiplied by $1500.00).

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion for Entry of Final Default Judgment (ECF No. 9) is **GRANTED**. Final default judgment is granted in favor of Plaintiff Henry Oknyansky and against Defendant Halsted Financial Services, LLC in the amount of $105,000, for which sum let execution issue;

2. Plaintiff shall recover post-judgment interest at the rate prescribed by 28 U.S.C. § 1961.

3. The Court reserves jurisdiction to award attorneys' fees and costs, as appropriate.

4. The Clerk of Court is directed to **CLOSE** this case for administrative purposes.

5. All pending motions, if any, are denied as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, this 17th day of July 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*